### KOPCZYNSKI, ESTATE OF, In Re.

**KENDZIERSKI et, Appellants v KOPCZYNSKI, Admr., Appellee.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 18542.  Decided July, 1942.

M. Q. Critchfield, Cleveland and Philip Novitch, Cleveland, for appellants.

Joseph F. Sawicki, Cleveland, for appellee.

Doyle, PJ., and Stevens, J., of the 9th District, and Guernsey, J., of the 3rd District, sitting by designation.

### OPINION

By STEVENS J.

On February 21, 1936, by order of the Probate Court of Cuyahoga county, Ohio, Sylvester E. Kopczynski was appointed administrator of the estate of his deceased mother, Maryanna Kopczynski.

On March 4, 1936, said administrator qualified by filing his bond.

Thereafter the administration of said estate proceeded until September 28, 1940, on which date said administrator filed his final account.

On October 26, 1940, an order for notice was entered, and November 18, 1940, at 2 p. m., set as the time for hearing upon said final account.

No exceptions to said final account having been filed, the Probate Court on November 18, 1940, entered its order approving and confirming said final account.

On March 13, 1941, exceptions to the inventory and final account, and an application for the removal of the administrator, were filed by Pelagia Kendzierski and Victoria Bernaciak, daughters of said decedent, and sisters of the administrator.

On April 9, 1941, amended and additional exceptions to the final account were filed.

On April 23, 1941, the exceptions to the inventory and the final account, and the application to remove the administrator, were heard and submitted.

On June 30, 1941, the Probate Court overruled the exceptions to the inventory and to the final account, but made no order concerning the removal of the administrator.

On July 2, 1941, notice of appeal to the Court of Appeals upon questions of law was filed.

**Section 10506-37 GC,** provides:

"Within one month after an account is filed, the probate judge shall cause notice of the filing of accounts by fiduciaries to be published in some newspaper of the county, specifying when such accounts will be heard, not less than three weeks after the publication of such notice. Exceptions to such account may be filed by any interested party at any time not less than five days prior to the day set for hearing. It shall be competent for the court, for cause, to allow further time to file exceptions to such accounts. The costs of such notice, if more than one account be specified in the same notice, must be paid in equal proportions by the fiduciaries."

**Section 10506-40 GC,** provides:

"The determination of the probate court on the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, as the particular case may require, and shall be final as to all persons having notice of the hearing, except:

"(a) Upon review or appeal according to law; and

"(b) When an account is settled in the absence of a person adversely interested, and without actual notice to him, it may be opened on his filing exceptions to the account within eight months after such settlement; and

"(c) Upon any settlement of an account all former accounts may be so far opened as to correct a mistake or error therein, on condition, however, that a matter in dispute that has been previously determined by the court shall not be brought in question by

308

either of the parties without leave of court upon good cause first shown; and

"(d)   In case of fraud or collusion; and

"(e)   As against rights which are saved by statute to persons under disability."

It is under this latter section that appellants have attempted to justify their belated exceptions to the final account.

The record in this case discloses a strict compliance with the provisions of §10506-37 GC, on the subject of notice, and the bill of exceptions does not reveal that the exceptors did not have actual notice of the filing and of the time set for the hearing upon the final account.

The absence of such showing places the exceptors outside the scope of the saving provision of paragraph (b) of §10506-40 GC. Their exceptions were filed too late and the Probate Court should have so determined.

We are further unanimously of the opinion that there is not such evidence of mistake, or of fraud or collusion, as would have warranted the Probate Court in sustaining the exceptions filed by the exceptors.

We find no other error prejudicial to the substantial rights of appellants.

Judgment affirmed.

DOYLE, PJ., and GUERNSEY, J., concur.